MEG VINCENT, WIFE OF AND KEITH VINCENT, INDIVIDUALLY AND ON BEHALF OF THE MINOR CHILDREN, EMMA VINCENT, CAMILLE VINCENT, HARRISON VINCENT AND HUDSON VINCENT

NO. 22-C-50

FIFTH CIRCUIT

COURT OF APPEAL

VERSUS

STATE OF LOUISIANA

NATIONAL GENERAL INSURANCE COMPANY, DR. FREDRICK DANTAGNAN ON BEHALF OF THE MINOR JACQUELINE DANTAGNAN AND HUDSON INSURANCE COMPANY

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

*Susan S. Buchholz*
Susan S. Buchholz
First Deputy, Clerk of Court

February 10, 2022

Susan Buchholz
First Deputy Clerk

**IN RE** MEG VINCENT, ET AL

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE MICHAEL P. MENTZ, DIVISION "F", NUMBER 782-360

---

Panel composed of Judges Fredericka Homberg Wicker, Marc E. Johnson, and Stephen J. Windhorst

### WRIT GRANTED; STAY LIFTED

In this writ application, relator-counsel, Ms. Vanessa Motta, seeks review of the trial court's February 4, 2022 ruling permitting a subpoena to issue pursuant to La. C.E. art. 508 compelling her to testify at trial in this matter. For the following reasons, we grant this writ and reverse the trial court's ruling.

This litigation arises out a lawsuit filed for personal injuries allegedly sustained in an automobile accident by plaintiff, Ms. Meg Vincent. On February 2, 2022, defendant-insurer Hudson Specialty Insurance Company (Hudson) filed a motion for a "Louisiana Code of Evidence Article 508 Hearing to Issue Subpoena to Vanessa Motta for Records and Trial Testimony." In its motion, Hudson sought to have the trial court issue a subpoena to Ms. Motta, plaintiff's counsel, in her individual capacity to compel her to testify at trial and to produce documentation of any billing negotiations, agreements, or communications between Ms. Motta and Medport LA, LLC, a third-party medical factoring company, as well as between Ms. Motta and any of plaintiff's medical providers. Hudson contends that plaintiff's healthcare providers assigned their rights to collect medical expenses related to plaintiff's treatment to a factoring company, Medport, for a discounted or negotiated rate.

In support of its motion, Hudson argued that because plaintiff seeks to recover at trial the entirety of the medical bills or fees related to her medical treatment in connection with the automobile accident, Ms. Motta's testimony is relevant to show any negotiations between counsel and Medport. Hudson contended that it "has a right to explore what arrangements Ms. Motta and her law office had in place with various medical providers that treated Ms. Vincent."[1] Hudson asserted that, at trial, plaintiff may only seek to recover in medical expenses the amount that Medport paid for the purchase of the medical debt at issue.[2]

In its prayer for relief, Hudson requested that the Court issue a subpoena to Ms. Motta seeking:

(1) All records in your possession, including but not limited to any account statements or billing ledgers, evidencing payment for medical services rendered to Meg D. Vincent, DOB xx/xx/1976, SS# xxx-xx-3598, showing amounts paid, by whom, and date of payment, and any bills of sale.
(2) Also produce any contracts or agreements in your possession between Medport LA, LLC and any medical provider that treated Meg Vincent from April 16, 2017 to the present.
(3) All communications between you and Medport LA, LLC, or any representative or attorney for Medport, regarding Meg Vincent.
(4) All communications with medical providers in connection with the referenced case.

At the February 4, 2022 hearing, Ms. Motta testified that all documents and evidence sought from Hudson could be obtained through other practicable means. She testified that Hudson "made no attempt to reach out to Medport LA LLC by either Letters of Rogatory or asking for a deposition, and [Hudson] objected to [Medport's] Motion to Intervene."[3] She reiterated that all documents that Hudson sought to obtain in its motion could be obtained through requests from either Medport, plaintiff's treating healthcare providers, or plaintiff individually through discovery. She further testified that she has no other relevant documents in her possession to produce in response to the subpoena sought by Hudson.

---

[1] In support of its motion, Hudson introduced plaintiff's deposition wherein she testified that she had no knowledge of any factoring company involvement when she began treating with her physicians. Further, plaintiff testified that she has been sued by Medport for approximately $443,000.00. Hudson also introduced the deposition of Dr. Liechty, taken on February 1, 2022, who testified that he "sometimes" takes insurance but he only does so to cover facility fees, not his own professional fees. Hudson also attached the "Master Purchase Agreement" between Medport and One Spine Institute, Louisiana, LLC, one of plaintiff's providers.

[2] On September 21, 2021, this Court vacated the granting of a motion in limine on this issue because the parties failed to properly offer, file, and introduce evidence into the record at the motion hearing. Hudson sought a ruling from the trial court "prohibiting plaintiff from introducing any evidence at trial as to the billed amount of the medical specials" and "evidence relating to full medical charges printed on invoices," which the trial court granted. On supervisory review, this Court was unable to reach the merits of the issue presented, finding that Hudson failed to properly offer, file, and introduce into evidence any documentation to support its motion. This Court vacated the trial court judgment and remanded to the trial court for further proceedings. Thereafter, Hudson failed to reurge the motion in limine, to do so with properly introduced evidence for the court's consideration, and thus that issue has not been determined on the merits in this case, and is not before us in this writ application.

[3] Medport attempted to intervene in this litigation to assert its alleged right to collect plaintiff's medical expenses. The trial court denied the petition for intervention, and Medport sought review from that ruling from this Court. On October 29, 2021, this Court denied Medport's writ application, finding that, "at the hearing on its motion, Medport failed to introduce any evidence or testimony whatsoever to prove the alleged assignment relationship with Mrs. Vincent's medical providers to demonstrate its asserted interest in the case."

At the conclusion of the hearing, the trial judge granted Hudson's La. C.E. art. 508 motion, compelling plaintiff's counsel, Ms. Motta, to testify at trial of this matter and to produce the requested records.[4] This timely writ application follows.

La. C.E. art. 508, titled "Subpoena of lawyer or his representative in civil cases" provides:

> Neither a subpoena nor a court order shall be issued to a lawyer or his representative to appear or testify in any civil or juvenile proceeding, including pretrial discovery, or in an administrative investigation or hearing, where the purpose of the subpoena or order is to ask the lawyer or his representative to reveal information about a client or former client obtained in the course of representing the client unless, after a contradictory hearing, it has been determined that the information sought is not protected from disclosure by any applicable privilege or work product rule; *and all of the following*:
>
> (1) The information sought is essential to the successful completion of an ongoing investigation, is essential to the case of the party seeking the information, and is not merely peripheral, cumulative, or speculative.
> (2) The purpose of seeking the information is not to harass the attorney or his client.
> (3) With respect to a subpoena, the subpoena lists the information sought with particularity, is reasonably limited as to subject matter and period of time, and gives timely notice.
> (4) There is no practicable alternative means of obtaining the information.

La. C. E. art. 508 (emphasis added).

Upon review of the writ application and all documents properly introduced into evidence, we find that the information requested by Hudson is available through other practicable means. Therefore, we find that Hudson failed to meet its burden under La. C.E. art. 508 to show justification to issue a subpoena to compel Ms. Motta in her individual capacity to produce documents and testimony surrounding plaintiff's medical treatment or any alleged agreements or contracts with Medport. We find that Hudson can obtain the documentation and testimony it seeks from a corporate representative of Medport through letters rogatory pursuant to La. R.S. 13:3823, or through other providers or plaintiff individually through the discovery process.

Accordingly, we grant this writ application and reverse the trial court's February 4, 2022 judgment granting Hudson's motion pursuant to La. C.E. art. 508 and permitting the issuance of a subpoena to Ms. Motta in her individual capacity

---

[4] Relatedly, Ms. Motta filed a motion to quash a prior subpoena—issued prior to Hudson's Article 508 motion—which the trial court denied. In her notice of intent, Ms. Motta sought review of the February 4, 2022 judgment "compelling Plaintiff counsel Vanessa Motta to be called to the stand as a witness in the instant matter and granting Defendants LSA-C.C.P. art. 508 hearing." In this writ application, Ms. Motta failed to provide documentation to this Court to prove the type of service effectuated that she alleges was improper in her motion to quash. Nevertheless, in opposition to this writ application, Hudson acknowledged that the prior subpoena is now "moot" and that the procedure set forth in La. C.E. art. 508, which sought to have the trial court issue a subpoena compelling testimony and the production of documents, replaced the prior subpoena and that Hudson does not seek Ms. Motta's compliance with that prior subpoena.

compelling her to provide records and trial testimony in this matter.  The stay previously issued is hereby lifted.

Gretna, Louisiana, this 10th day of February, 2022.

**FHW**
**MEJ**
**SJW**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY <u>02/10/2022</u> TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**22-C-50**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Michael P. Mentz (DISTRICT JUDGE)
Kyle L. Potts (Respondent)          Vanessa Motta (Relator)
Dane S. Ciolino (Relator)           Leigh Ann Tschirn Schell (Respondent)

### MAILED

Clare S. Roubion (Relator)          Peter M. Donovan (Respondent)          Christopher A. D'Amour (Respondent)
Attorney at Law                     Attorney at Law                        Edwin C. Laizer (Respondent)
18 Farnham Place                    4640 Rye Street                        Attorneys at Law
Metairie, LA 70005                  Suite 100                              701 Poydras Street
                                    Metairie, LA 70006                     Suite 4500
                                                                           New Orleans, LA 70139

2110120

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

X *Tara Olivier*  □ Agent  □ Addressee

**B. Received by** *(Printed Name)*  Tara Olivier

**C. Date of Delivery**  2.14.22

1. Article Addressed to:

Peter M. Donovan
Attorney at Law
4640 Rye Street -Suite 100
Metairie, LA 70006
22-C-50                    02-10-22

**D. Is delivery address different from item 1?** □ Yes
If YES, enter delivery address below:  □ No

|||||| barcode ||||||

9590 9402 2434 6249 3628 43

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 6410

**3. Service Type**
- □ Adult Signature
- □ Adult Signature Restricted Delivery
- ☑ Certified Mail®
- □ Certified Mail Restricted Delivery
- □ Collect on Delivery
- □ Collect on Delivery Restricted Delivery
- □ Insured Mail
- □ Insured Mail Restricted Delivery (over $500)

- □ Priority Mail Express®
- □ Registered Mail™
- □ Registered Mail Restricted Delivery
- ☑ Return Receipt for Merchandise
- □ Signature Confirmation™
- □ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt